UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:15-MJ-00468-DKL-04 |
| | ) | |
| DAMON SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## Entry and Order of Detention Pending Trial

Defendant Damon Smith is charged in a criminal complaint filed July 14, 2015, with Conspiracy to Distribute Controlled Substance, Including 100 Grams or More of a Substance Containing a Detectable Amount of Heroin. At his initial hearing on July 22, 2015, the United States made an oral Motion for Pretrial Detention, seeking detention pursuant to 18 U.S.C. §§ 3142. The United States contends that no conditions or combination of conditions of release will reasonably ensure Mr. Smith's appearance as required or the safety of others or the community.

The detention hearing was held on July 29, 2015. The United States appeared by Assistant United States Attorney Michelle Brady. Mr. Smith appeared in person and by counsel James Edgar. The United States Probation Office was represented by Brittany Neat. The defendant proceeded by proffer of evidence, and the United States presented the testimony of FBI employee Zachary Miller, whom the defendant also cross-examined. Both counsel for the government and counsel for the defendant presented argument.

For the reasons explained in this Order, the court finds that the United States established by clear and convincing evidence that no condition or combination of conditions will reasonably

assure the safety of others or the community and by a preponderance of the evidence that Mr. Smith presents a risk of non-appearance. Consequently, Mr. Smith is ordered DETAINED.

## Findings of Fact and Conclusions of Law

1. Defendant Damon Smith is charged in a criminal complaint filed July 14, 2015, with Conspiracy to Distribute Controlled Substance, Including 100 Grams or More of a Substance Containing a Detectable Amount of Heroin.

2. Based upon the court's findings on the record following preliminary hearing on July 28, 2015, probable cause exists to believe that the defendant committed the crimes charged in the complaint.

3. At the hearing, the court admitted as Exhibit B a Pretrial Services Report (PS3) regarding defendant Damon Smith on the issue of his release or detention. The PS3 does not include verified information regarding Mr. Smith's employment history. It notes a lengthy criminal history, beginning at age 13, multiple failures to appear, and multiple violations of release conditions.

4. When a motion for pretrial detention is made, the court engages in a two-step analysis. First, the court determines, by a preponderance of the evidence, whether one of ten conditions exists for considering a defendant for pretrial detention. Second, after a hearing, the court determines whether the standard for pretrial detention is met.

5. A defendant may be considered for pretrial detention in only ten circumstances: when a case involves one of eight types of offenses or two types of risks. A defendant is

eligible for detention upon motion by the United States in cases involving (1) a crime of violence, (2) a violation of 18 U.S.C. § 1591; (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; (4) an offense for which the maximum sentence is life imprisonment or death, (5) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or chapter 705 of Title 46 (maritime drug law enforcement); (6) any felony where the defendant has two or more federal convictions for the above offenses, two or more state or local convictions for identical offenses, or a combination of such offenses; (7) any felony that is otherwise not a crime of violence that involves a minor victim or that involves the possession or use of a firearm, destructive device, or any other dangerous weapon; or (8) any felony that involves a failure to register under 18 U.S.C. § 2250 (sex offender and crimes against children registry). 18 U.S.C. § 3142(f)(1)(A) - (E). A defendant is also eligible for detention upon motion by the United States or the court *sua sponte*, in cases involving (1) a serious risk that the person will flee or (2) a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror. 18 U.S.C. § 3142(f)(2). The existence of any of these ten conditions triggers the detention hearing, which is a prerequisite for an order of pretrial detention. 18 U.S.C. § 3142(e). In this case, Mr. Smith is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act.

6.	Once it is determined that a defendant qualifies under any of the ten conditions of section 3142(f), the court may order a defendant detained before trial if the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.  18 U.S.C. § 3142(e).

7.	Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required.  With respect to reasonably assuring the appearance of the defendant, the United States bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985).  With respect to reasonably assuring the safety of any other person and the community, the United States bears the burden of proving its allegations by clear and convincing evidence.  18 U.S.C. § 3142(f).  The standard for pretrial detention is "reasonable assurance"; a court may not order pretrial detention because there is no condition or combination of conditions that would *guarantee* the defendant's appearance or the safety of the community.  *Portes*, 786 F.2d at 764 n. 7.  Further, the court must consider whether reasonable, less restrictive alternatives to detention exist.  *See United States v. Infelise,* 934 F.2d 103, 105 (7th Cir. 1991).

8.	A rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community arises when the court finds that there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act.  The court has previously found probable cause that Mr. Smith committed such an offense.

4

9. This presumption shifts the burden of production to the defendant, but the burden of persuasion remains with the United States. *Portes,* 786 F.2d at 764. The defendant meets his burden and rebuts the presumption by providing some evidence that he will appear as required and will not pose a danger to the community. *Id.* (quoting *United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir. 1986)). However, even when a defendant has produced some evidence contrary to the presumption, the court still should give weight to Congress's judgment that certain offenders pose as a general rule special risks of flight and dangers to the community. *Id.* (quoting *United States v. Dominguez,* 783 F.2d 702 at 707) (presumption of dangerousness)); *United States v. Diaz,* 777 F.2d 1236, 1238 (7th Cir. 1985) (though presumption against bail is rebuttable, "it continues to weigh in the balance against bail even after the defendant meets his burden of producing some evidence to rebut the presumption").

10. The court finds that the presumption arises in this case. The court also finds that Mr. Smith has proffered some evidence to meet his burden of production. In particular, Mr. Smith proffered evidence that he has significant family ties and family support, that he is enrolled in GED classes, that he has four-month old twins and is in a committed relationship with their mother, and that, if released, he has potential employment.

11. The United States presented evidence that Mr. Smith is associated with a gang and is, in fact, a leader in that gang. It also cited evidence of failures to appear, of an extensive criminal history, including a firearm conviction, and the fact that the intercepts of alleged criminal conduct in this case occurred when Mr. Smith was on house arrest. Mr. Miller also testified that Mr. Smith lacks a legitimate employment history.

12. The court considers the evidence presented on the issue of release or detention weighed in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above. Among the factors considered both on the issue of flight and dangerousness to the community are the nature and circumstances of the offense charged, the weight of the evidence, and the history and characteristics of the person. The latter factor includes consideration of the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings. Also pertinent to the latter factor is whether the defendant was on release, parole, or probation at the time of the offense charged. 18 U.S.C. § 3142(g).

13. In this regard, the court finds and concludes that the evidence in this case demonstrates that the weight of the evidence in this case is strong. In addition, Mr. Smith has an extensive criminal history (including a firearms conviction), multiple failures to appear, gang association, and little or no employment history. Most noteworthy in the court's view is compelling evidence that Mr. Smith has not complied with court-imposed conditions in the past, and that release on conditions has not prevented conduct that presents a danger to others or the community.

14. The court, having weighed the evidence regarding the factors found in 18 U.S.C. §3142(g), and based upon the totality of evidence set forth above, concludes that the United States has demonstrated by clear and convincing evidence that Mr. Smith poses a danger to

others or the community. It also finds by a preponderance of the evidence that no combination of conditions can reasonably assure his appearance at future proceedings in this case.

WHEREFORE, Damon Smith is hereby committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. He shall be afforded a reasonable opportunity for private consultation with defense counsel. Upon order of this court or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with further court proceedings.

So ORDERED.

Date:   August 5, 2015

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana


Distribution:

Michelle Brady, AUSA, michelle.brady@usdoj.gov

James A. Edgar
jedgarlawyer@gmail.com

United States Probation Office

United States Marshal